Ruffin, 0. J.
 

 The executor of Bennett, the first administrator of the intestate Baldwin, is liable to account to some person for two thirds of the assets, remaining at the death of Bennett in his hands; and the only question is, to whom he ought to account. For the defendants are liable, we suppose, ón the administration bond, to the same extent and to the same person in this action, as the executor would be in a suit against him directly.
 

 It seems to the Court, that precisely the same reasons apply as between the Trustees of the University and an
 
 *399
 
 administrator
 
 de bonis non,
 
 which do between the latter and the next of kin. The rule is inflexible, that next of kin cannot call for an account and distribution of an intestate’s estate, nor recover the specific property, without having an administrator before the Court,
 
 Goode
 
 v.
 
 Goode,
 
 No. Ca. T. R 255.
 
 Taylor
 
 v.
 
 Brooks, A
 
 Dev. & Bat.
 
 139.
 
 For the next of kin have only a right to the clear surplus after payment of all debts, and for protection of creditors an administrator must be before the Court. It was even doubted, whether, upon, the death of one of two administrators or executors, the representatives of the dead one were not so exclusively accountable to the survivor, that the next of kin of legatees could not sue them together. It was, indeed, held, that they could, upon the equitable principle of following the fund into whatever hand held it.
 
 Bratten v. Bateman,
 
 2 Dev. Eq. 115. But there the administrator of the first intestate is a party, as well as the representative of the dead one. It may be admitted, that in like manner, when there is but a single administrator, and he dies, the next of kin may in a bill for an account join the representatives of the first administrator with the administrator
 
 de bonis non,
 
 and recover from each what he has. But there seems to be no case in which a distributive share, as such, can be recovered but from an administrator, either original, or
 
 de lords non.
 
 Now the Trustees of the University take the place of legatees and. next of kin in claiming the estate, and can only recover by the same remedies. They cannot, for example, bring an action at law for the surplus, as a creditor might sue for his debt. Suppose the estate here to have consisted of slaves on hand at the death of Bennett, undoubtedly the Trustees could not have maintained trover or detinue for them against any one else, more than they could against Bennett himself. It is said, indeed, that here the debts were paid. But that must mean all known debts, and cannot change the principle. The subject matter,-being the administration of an estate, is of equitable cognisance
 
 *400
 
 and the accounts must be duly taken, before it can be known what the residue is. If the Trustees of the University had obtained a decree against Bennett in his life time, and it remained unsatisfied, that might be a breach of the administration bond, for which the Trustees could put it in suit against Bennett’s executors and sureties So, perhaps, if it appeared that Bennett had committed an actual
 
 devastavit,
 
 the Trustees might have had this action upon a suggestion of that breach in Bennett’s life time. But for a balance merely remaining in his hands, unadministered and not demanded before his death, no claim, we think can be made by the Trustees but through an administrator
 
 de bonis non.
 
 That is so on principle ; and it is likewise so upon the statute under which the Trustees derive their title. The Act of 1836 provides that all the estate remaining in the hands of any executor or administrator for seven years after his qualification, unrecovered or unclaimed by creditors, legatees, or next of kin, shall
 
 by ike said executor or administrator
 
 be paid to the Trustees of the University, Rev. St. eh. 46, sec. 20. Those words construed even without reference to the previous rules of law or legislative enactments, plainly give a claim to the Trustees only against a representative of the first intestate or testator, and not against the representative of the former representative. True it may be, that, after one administrator has held the estate seven years,it is not to rest seven years more in the hands of an administrator
 
 de bonis non,
 
 but the Trustees may treat the latter as administering in trust for them, as, but for the statute, he would have done for the next of kin. But, still,
 
 the provision
 
 is precise, that the estate is to go to the Trustees from the hand of an executor or administrator of the original owner; and that such was the intention of the act is not only to be deduced from the words, as they now stand, but is rendered evident by the contrast in that respect between the act of 1836 and that of 1809, from which the latter on«
 
 *401
 
 was taken. The original act, Rev. Code C. 763, autho-rised the Trustees to sue for and collect the estate from any executor or administrator of a deceased person
 
 or the representative of such executor or administrator.
 
 Though no suit by the Trustees is remembered against an administrator of an administrator, without having an administrator
 
 de bonis non
 
 before the Court, yet we suppose, that by force of the postitive provision of the act of 1809 such a suit would have lain. But, as it required a statute to change the law in that respect, it must be inferred that in omitting that provision in the Revision of 1836, there was a purpose to restore the old rule, as necessary to the harmony of the different parts of the law.
 
 At
 
 all events, that is the effect of the repeal by the act of 1836 of that part of the act of 1809 ; and there can be little question, that the reason for the repeal was to reinstate the salutary principle, that to the administration of any and every part of an intestate’s estate an administrator of some kind is indispensable. Therefore the judgment ought to be affirmed.
 

 Peb Cubum. Judgment affirmed»